IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULIE DARRUP,**<br><br>      *Plaintiff,*<br><br>    v.<br><br>**WAL-MART STORES EAST, LP, et al.,**<br><br>      *Defendants.* | Case No. 2:20-cv-05450-JDW |

## MEMORANDUM

Philadelphia has much to recommend it. World class cuisine. Great universities. Gritty. But one thing that Philadelphia, and the Eastern District of Pennsylvania as a whole, lacks is any connection to this case. The case arises from a slip-and-fall at a Walmart store in Coal Township, Pennsylvania, in the Middle District of Pennsylvania. Even though the accident occurred there, Plaintiff Julie Darrup channels her inner W.C. Fields and argues that she'd rather be in Philadelphia. The problem is that she never lived in this District, never got treatment in this District, and never had any other connection to this District. The Court will therefore grant Walmart's Motion to transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

I.    **BACKGROUND**

Ms. Darrup lives in Arizona, but she lived in Kulpmont, Pennsylvania, which is in Northumberland County, when she filed this case and before. On August 19, 2018, Ms. Darrup slipped and fell on a puddle of clear liquid while entering a Walmart store

in Coal Township. Coal Township is also in Northumberland County, a few miles from Ms. Darrup's former home in Kulpmont.

Ms. Darrup sustained severe injuries in her fall. So she sued Walmart for negligence. She initiated the action in the Philadelphia County Court of Common Pleas. Walmart removed this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b). On January 20, 2021, Walmart filed this motion, seeking to transfer the case to the Middle District of Pennsylvania pursuant 28 U.S.C. § 1404(a).

## II. STANDARD

Under 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to another district where the case might have been brought. Although a district court has broad discretion to determine whether a transfer is warranted, a motion to transfer is "not to be liberally granted." *Dinterman v. Nationwide Mut. Ins. Co.*, 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998) (citing *Stewart Org. v. Ricoh, Inc.*, 487 U.S. 22, 29 (1988)). The party seeking transfer bears the burden of persuasion. *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879 (3d Cir. 1995).

Courts may consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests be better served by transfer to a different forum." *Id.* Thus, courts consider a list of non-exhaustive factors when deciding whether transfer is appropriate. *In re McGraw-Hill*, 909 F.3d at 57 (citing *Jumara*, 55 F. 3d 873 at 879-80). "Factors the court must consider include the three enumerated under the statute—convenience of the parties, convenience of the

witnesses, and the interests of justice—along with all other relevant private and public factors. . . ." *Id.*

Private interest factors include: "(1) the plaintiff's original forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses; and (6) the location of books and records." *Garcia-Alvarez v. Fogo De Chao Churrascaria (Pittsburgh) LLC.*, No. 2:20-CV-01345-CCW, 2021 WL 396741, at *2 (W.D. Pa. Feb. 4, 2021) (citing *Jumara*, 55 F.3d at 879). Public interest factors include: "(1) enforceability of the judgment; (2) the practical considerations that could make the trial easy, expeditious, or inexpensive; (3) court congestion in the competing fora; (4) local interest in deciding a controversy at home; (5) the fora's public policies; and (6) the trial judge's familiarity with applicable state laws in diversity cases." *Id.*

### III. DISCUSSION

Ms. Darrup could have filed this case in the Middle District of Pennsylvania at a minimum because a substantial part of the events giving rise to the claim occurred in Northumberland County, in the Middle District. *See* 28 U.S.C. § 1391. Having satisfied that threshold question, the Court turns to the various private and public interest factors. Those factors favor transfer.

#### A. Private Interest Factors

Two private interest factors favor transfer: the location of the accident and Walmart's preference to litigate there. One factor, Ms. Darrup's convenience, weighs against transfer. The remaining factors are neutral.

Start with the factors that favor transfer. The accident occurred in the Middle District. At times, the most appropriate venue is where a majority of events giving rise to the claim arose. *See Siegel v. Homestore, Inc.*, 255 F Supp. 2d 451, 456 (E.D.Pa. 2003). A case like this, involving a slip-and-fall, is such a case.

In addition, Walmart prefers to litigate in the Middle District because the accident happened there and witnesses reside there. Ms. Darrup tries to minimize the importance of Walmart's preference by arguing that Walmart could have removed the case to the Middle District, rather than this Court, if it wanted to litigate there. But federal law required Walmart to remove the case to the district encompassing the county where Ms. Darrup's case was pending in state court. *See* 28 U.S.C. § 1441(a). In the face of this statute, Ms. Darrup's argument is nonsensical. The statute required Walmart to remove to this Court, and the Court will not assume that Walmart's removal to this Court contradicts its preference to litigate in the Middle District.

On the other hand, the convenience-of-the-parties factor weighs against transfer. Ms. Darrup needs to commute from Arizona, and traveling to Philadelphia is easier than traveling to a courthouse in the Middle District. Walmart, on the other hand, is a multinational company for which the burden of litigation is equal in either District.

The remaining private interest factors are neutral. Courts often consider the convenience of the witnesses to be the most important factor in determining whether to grant a transfer of venues. *See, e.g., Zazzali v. Swenson*, 852 F. Supp.2d 438, 451 (D. Del. 2012); *Headon v. Colorado Boys Ranch*, No. CIV.A. 204CV04847LDD, 2005 WL 1126962, at *7 (E.D. Pa. May 5, 2005). But the Court may only consider this factor to

the extent the witnesses may be unavailable for trial in one of the fora. *See Jumara*, 55 F. 3d at 879. It is likely that many of the witnesses reside in the Middle District. But Walmart has not offered any evidence to establish that fact. Nor has Walmart shown that witnesses would be unavailable for trial. Under Rule 45, anyone who works in Coal Township would be subject to a trial subpoena in Philadelphia, as long as coming here would not cause that person to incur substantial expense. *See* Fed. R. Civ. P. 45(c)(1)(B)(ii). Without information about witnesses' availability, the Court cannot put any weight on this factor.

Ms. Darrup's choice of forum also does not factor into the Court's analysis. Generally, a "plaintiff's choice of a proper forum is a paramount consideration . . . and should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotations omitted).  But Ms. Darrup did not choose this forum. She chose the Court of Common Pleas. Nothing in her filings suggests that she wanted her case to be in this forum. Indeed, the **only** party that chose this forum was Walmart, and Walmart did so because it is the only forum to which it could remove the case.

If Ms. Darrup had chosen a federal forum, she could not have filed in this District. Because Pennsylvania is a multi-district state, Walmart is a corporation, and all material events underlying Ms. Darrup's claims occurred in the Middle District, Walmart is not a resident of the Eastern District under § 1391(b). *See* 28 U.S.C. § 1391(d). Also, when a plaintiff's choice of forum has little or no connection to the case's operative facts and the plaintiff lives outside the chosen forum, that plaintiff's choice of forum receives little weight. *See, e.g., Schoonmaker v. Highmark Blue Cross Blue Shield*, No. 09-CV-703, 2009 WL 3540785, at *1 (E.D. Pa. Oct. 30, 2009); *First Union*

*Nat. Bank v. United States*, 55 F. Supp.2d 331, 333 (E.D. Pa. 1999). Ms. Darrup has no connection to the Eastern District. She does not live here, and none of the events underlying her claims occurred here. The Court therefore does not assign any weight to her choice of forum as part of this analysis.

### B.   Public Interest Factors

Two public interest factors weigh in favor of transfer. Practical considerations about trial favor transfer because this is a controversy that arose in the Middle District. It will be easier to try the case with the relevant players in that District. Also, because the events occurred in the Middle District, that District has a greater interest in resolving this dispute.

The remaining public interest factors are neutral. Walmart argues that the Middle District is less congested than the Eastern District, but it focuses only on the total number of cases filed in each District. It does not analyze the number of cases per judge or the average time to resolution, factors that might favor the Eastern District. In any event, this factor carries little weight because too much focus on court congestion without considering other factors would encourage forum shopping. *See High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 499 (M.D. Pa. 2005) Finally, because both districts are in Pennsylvania, the enforceability of the judgment, public policies of the forum, and the trial judge's familiarity with the law are neutral factors.

### IV.   CONCLUSION

All the facts underlying Ms. Darrup's claims occurred in the Middle District of Pennsylvania. As a result, the Court finds that the private and public factors relevant

6

to this case favor a change of venue to the Middle District. The Court will transfer this case to the Middle District pursuant to 28 U.S.C. § 1404(a). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 18, 2021